# UNITED STATES DISTRICT COURT
### for the

_____Western_____ District of ___North Carolina___

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 0419 3:21CR00088-001 |
| | ) |
| Jeffrey Demarte Jeter | ) USM No: 54973-509 |
| Date of Original Judgment: 08/17/2022 | ) |
| Date of Previous Amended Judgment: | ) Pro se |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment
*(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 08/23/2022 _____ ,
shall remain in effect.

**IT IS SO ORDERED**.

Signed: December 16, 2024

Frank D. Whitney
United States District Judge

Effective Date: _____
*(if different from order date)*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT:  Jeffrey Demarte Jeter

CASE NUMBER:  0419 3:21CR00088

DISTRICT:  Western District of North Carolina

## I.  COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____ Amended Total Offense Level: _____

Criminal History Category: _____ Criminal History Category: _____

Previous Guideline Range: _____ to \_\_\_\_\_ months   Amended Guideline Range: _____ to \_\_\_\_\_ months

## II.  SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ The reduced sentence is above the amended guideline range.

## III.  FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Under United States Sentencing Guideline Amendment 821, Defendant now earns one status point towards his criminal history score instead of two status points, resulting in a total of 13 criminal history points instead of 14. With that one-point reduction, Defendant's criminal history category remains a category VI. Because the application of Amendment 821 does not change the criminal history category or total offense level the Court used to determine Defendant's sentence, his guideline range remains 180 to 210 months and he is not eligible for a reduced sentence under the Amendment. Further, Defendant was sentenced to the statutory mandatory minimum of 180 months on Count One. Under Sentencing Guideline Sections 5G1.1 and 5G1.2, the sentence imposed may not be less than the statutorily required minimum sentence. Therefore, a sentence reduction is inappropriate in this case.